```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF TEXAS
                   FORT WORTH DIVISION

HAROLD VAUGHN,                  §
          Petitioner,           §
                                §
V.                              §    Civil Action No. 4:14-CV-218-Y
                                §
WILLIAM STEPHENS, Director,     §
Texas Department of Criminal    §
Justice, Correctional           §
Institutions Division,          §
          Respondent.           §
```

**OPINION AND ORDER**

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Harold Vaughn, a state prisoner, against William Stephens, director of the Texas Department of Criminal Justice, Correctional Institutions Division, Respondent.

After having considered the petition and relief sought by Petitioner, the Court has concluded that the petition should be denied.

I. Factual and Procedural Background

Petitioner was indicted on two counts of aggravated robbery with a deadly weapon, a firearm, for his involvement in an armed robbery of a Family Dollar Store in Tarrant County, Texas, on January 12, 2010. (Clerk's R., 2, ECF No. 8-5.) On December 9, 2010, a jury found Petitioner guilty on both counts, Petitioner pleaded true to a repeat-offender notice in the indictment, and the jury assessed his punishment at thirty years' confinement in each

case. (WR-80,236-01, 38-41, ECF No. 8-11.) Petitioner appealed his convictions, but the Eighth District Court of Appeals of Texas affirmed the trial court's judgments. (Op., ECF No. 8-2.) Petitioner did not file a petition for discretionary review, but he did file a state habeas application challenging his convictions, which was denied without written order by the Texas Court of Criminal Appeals. (WR-80,236-01, cover, ECF No. 8-11.) This federal petition followed.

## II. Issues

In two grounds, Petitioner claims (1) the evidence is legally and factually insufficient to support his convictions because the two store clerks could not identify Petitioner in court as one of the robbers and (2) the trial court violated his rights under the Due Process Clause and article 46B.004 of the Texas Code of Criminal Procedure by not conducting an inquiry into Petitioner's competency to stand trial.[1] (Pet. 6, ECF No. 1.)

## III. Procedural Default

Respondent believes that Petitioner has failed to exhaust his state-court remedies as to his first claim and that the claim is procedurally defaulted. (Resp't's Answer 7, ECF No. 9.) Applicants seeking habeas-corpus relief under § 2254 are required

---

[1]In Petitioner's reply brief, he raises new claims and legal arguments. Under the orders of the Court and the rules governing habeas actions, a petitioner cannot raise new claims in reply to the respondent's answer. Therefore, such claims and legal arguments are not addressed.

2

to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas,* 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state on direct appeal or in state postconviction proceedings. *O'Sullivan v. Boerckel,* 526 U.S. 838, 842-48 (1999); *Fisher,* 169 F.3d at 302; *Carter v. Estelle,* 677 F.2d 427, 443 (5th Cir. 1982). In Texas, the highest state court for criminal matters is the Texas Court of Criminal Appeals. *Richardson v. Procunier,* 762 F.2d 429, 431-32 (5th Cir. 1985). Therefore, a Texas prisoner may typically satisfy the exhaustion requirement by presenting both the factual and legal substance of a claim to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas postconviction proceeding. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2014); *Depuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988).

In this case, Petitioner raised his sufficiency-of-the-evidence claim on direct appeal, but he did not file a petition for discretionary review in the Texas Court of Criminal Appeals. Instead, he raised the claim for the first time in the state's highest court in his state habeas application. Under Texas law, however, a sufficiency-of-the-evidence claim may only be raised on direct appeal and may not be raised in a state habeas proceeding.

3

*West v. Johnson,* 92 F.3d 1385, 1389 n.18 (5th Cir. 1996); *Clark v. Texas,* 788 F.2d 309, 310 (5th Cir. 1986); *Ex parte Grigsby,* 137 S.W.3d 673, 674 (Tex. Crim. App. 2004). The Texas Court of Criminal Appeals has confirmed that when an applicant challenges the sufficiency of the evidence in a state habeas application, and it subsequently disposes of the application by entering a denial without written order, the applicant's sufficiency claim was denied because the claim is not cognizable. *Ex parte Grigsby,* 137 S.W.3d at 674. Under these circumstances, reliance on the procedural default by the state court is established and presents an adequate state procedural ground barring federal habeas review. *Ylst v. Nunnemaker,* 501 U.S. 797, 801-07 (1991).

In denying Petitioner's sufficiency claim without written order on postconviction habeas review, the Texas Court of Criminal Appeals necessarily applied the procedural default to the claim. The state court's denial of Petitioner's state habeas application then was based on an independent and adequate state procedural ground. *Busby v. Dretke,* 359 F.3d 708, 718 (5th Cir. 2004); *Ex parte Grigsby,* 137 S.W.3d at 674. Absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated by Petitioner, the procedural-default doctrine applies and the claim is procedurally barred from this Court's review. *Murray c. Carrier,* 477 U.S. 485 (1986); *Smith v. Johnson,* 216 F.3d 521, 523-24 (5th Cir. 2000). Accordingly, the discussion below

4

applies only to Petitioner's second ground for relief.

IV. Legal Standard for Granting Habeas-Corpus Relief

A § 2254 habeas petition is governed by the heightened standard of review provided for in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established Supreme Court precedent or that is based on an unreasonable determination of the facts in light of the record before the state court. *Harrington v. Richter,* 131 S. Ct. 770, 785 (2011); 28 U.S.C. § 2254(d)(1)-(2). This standard is difficult to meet and barely "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Harrington*, 131 S. Ct. at 786.

Additionally, the statute requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. This presumption of correctness applies to both explicit findings of fact and those findings of fact implicit in the state court's mixed-law-and-fact conclusions. *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §

5

2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams v. Taylor*, 529 U.S. 362, 399 (2000).

Finally, when the Texas Court of Criminal Appeals denies relief in a state habeas-corpus application without written opinion, as here, it is an adjudication on the merits, which is also entitled to the presumption of correctness. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). In this event, a federal court may assume the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied, and infer fact findings consistent with the state court's disposition. *Townsend v. Sain,* 372 U.S. 293, 314 (1963)[2]; *Catalan v. Cockrell,* 315 F.3d 491, 493 n.3 (5th Cir. 2002); *Valdez,* 274 F.3d at 948 n.11; *Goodwin v. Johnson,* 132 F.3d 162, 183 (5th Cir. 1997).

V.  Competency to Stand Trial

Under his second ground, Petitioner claims the trial court violated his rights under the Due Process Clause and article 46B.004 of the Texas Code of Criminal Procedure. To the extent Petitioner relies on article 46B.004 of the Texas Code of Criminal Procedure, the claim fails to raise a federal constitutional issue. Federal habeas corpus relief does not lie for errors of state law.

---

[2]The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

6

*Swarthout c. Cooke,* 562 U.S. 216, 219 (2011).

Under federal constitutional law, the conviction of a legally incompetent defendant violates due process. *Pate v. Robinson,* 383 U.S. 375, 378 (1966); *Mata v. Johnson,* 210 F.3d 324, 329 (5th Cir. 2000). The federal constitutional standard for competency to stand trial is whether the defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States,* 362 U.S. 402, 402 (1960); *Bouchillon v. Collins,* 907 F.2d 589, 592 (5th Cir. 1990). A trial court must hold a competency hearing when there is evidence before the court that objectively creates a bona-fide question as to whether the defendant is competent to stand trial. *Pate v. Robinson,* 383 U.S. 375, 378 (1966); *Lokos v. Capps,* 625 F.2d 1258, 1261 (5th Cir. 1980). The question is did the trial judge receive information that, objectively considered, should reasonably have raised a doubt about the defendant's competency and alerted him to the possibility that the defendant could neither understand the proceedings or appreciate their significance, nor rationally aid his attorney in his defense. *Medina v. California*, 505 U.S. 437, 448 (1992); *Lokos,* 625 F.2d at 1261.

The state-court records in this case reflect that on October 12, 2010, the trial court entered an order for a competency

7

examination of Petitioner by Dr. Emily Fallis. (Clerk's R. 59, ECF No. 8-5.) Dr. Fallis conducted her evaluation of Petitioner on October 14, 2010, and diagnosed Petitioner with, among other things, major depressive disorder, substance-abuse dependence, and mild mental retardation. (*Id.* at 79.) She opined that Petitioner

> currently suffers from a mental disease or defect [that] renders him unable to understand the nature and consequences of the proceedings against him or to assist properly in his own defense." More specifically, according to Chapter 46B, [article 46B.024,] Texas Criminal Code:
>
> 1. He has the capacity to understand the charges and potential consequences of pending criminal proceedings.
>
> 2. He <u>does not</u> have the capacity to disclose pertinent facts, events, and states of mind to counsel.
>
> 3. He <u>does not</u> have the capacity to engage in a reasoned choice of legal strategies and options.
>
> 4. He likely has the capacity to understand the adversarial nature of the legal process, although he currently lacks information about this area.
>
> 5. He has the capacity to exhibit appropriate courtroom behavior.
>
> 6. He <u>does not</u> have the capacity to testify relevantly.

(*Id.* at 79-80 (emphasis added).)

On October 15, 2010, the trial court granted Petitioner's motion for continuance pending restoration of his competence. (*Id.* at 66.) On November 5, 2010, the state moved to have Petitioner reevaluated by another expert. (*Id.* at 81.) The trial court granted the motion and ordered that Petitioner be evaluated by Dr.

8

Randy Price. (*Id.* at 83.) On November 12, 2010, Dr. Price conducted his evaluation of Petitioner and, also addressing the factors listed in article 46B.024, opined that Petitioner did "have sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." (*Id.* at 106.) On November 17, 2010, a jury was seated to determine Petitioner's competency to stand trial. (*Id.* at 4.) Both experts testified at the hearing, closing arguments were made, and the trial court charged the jury with the correct standard of review. (*Id.* at 108.) Following deliberations, the jury found Petitioner competent to stand trial and, subsequently, on December 8, 2010, twenty-one days later, he was convicted of the offenses. (*Id.* at 110; RR, vol. 3, 89, ECF No. 8-7; RR, vol. 6, 130, ECF No. 8-9.) According to Petitioner, the evidence was "clearly too weak to support the jury's verdict." Pet'r's Mem. 12, ECF No.)

The state habeas court found Petitioner's claim meritless and recommended denial of the claim, and the Texas Court of Criminal Appeals followed that recommendation. Having reviewed the state-court records, the state courts' rejection of the due-process claim is not contrary to Supreme Court precedent and was reasonable in the light of the facts. It was unnecessary for the trial court to conduct an inquiry into Petitioner's competency as the matter had been raised and fully litigated. It was for the jury to resolve

9

the conflicting expert testimony regarding Petitioner's competency to stand trial, and its decision is supported by the record. *Cavazos v. Smith,* 132 S. Ct. 2, 7 (2011).  Petitioner presents no clear and convincing evidence that would have raised a bona fide doubt as to his competency to stand trial as would justify conducting a second competency hearing.  Without substantiation in the record, a court cannot consider a habeas petitioner's mere assertions on a critical issue in his pro-se petition to be of probative evidentiary value.  *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

For the reasons discussed, Petitioner's petition for a writ of habeas corpus is DENIED.  Further, for the reasons discussed, a certificate of appealability is DENIED.

SIGNED June 3, 2015.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

10